BENCH, Senior Judge
(concurring in part and concurring in the result in part):
¶53 I concur in the majority opinion except as to Part I, in which I concur only in the result. In my viéw, the trial court did not exceed its discretion when it excluded Sanchez’s statement. The main opinion acknowledges that, nationally, courts are equally divided on whether rule 106 operates to require the admission of otherwise inadmissible hearsay. See supra ¶24 & note 4. I would hold that the trial court properly exercised its discretion in excluding Sanchez’s statement, and thus I would avoid a discussion of harmless error in this case.
¶54 When a party offers his own out-of-court declaration for its truth, that declaration must satisfy the hearsay rule. Several courts have held that the federal equivalent of rule 106 does not alter that requirement. See, e.g., United States v. Hassan, 742 F.3d 104, 134 (4th Cir. 2014) (stating that federal rule 106 “does not render admissible !... evidence which is otherwise inadmissible under the hearsay rules” (omission in original) (citation and internal quotation marks omitted)); United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (noting that federal rule 106 “does not compel admission of otherwise inadmissible hearsay evidence” (citation and internal quotation marks omitted)). Otherwise, as these courts have explained, a criminal defendant would be “able to place his exculpatory statements before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.” United States v. Ortega, 203 F.3d 676, 682 (9th Cir. 2000) (alteration in original) (citation and internal quotation marks omitted).
*390 ¶55 I would follow the lead of these courts and hold that before hearsay is admissible under rule 106, its proponent must show that it fits within an exception to the hearsay rule. Because Sanchez concedes that his statement was hearsay and has not shown that it fits within an exception, I would affirm the trial court’s ruling.